<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NICKYLE STORM GARRIS-WILLIAMS<br><br>*Plaintiff*,<br><br>v.<br><br>NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY (DCP&P), et al.,<br><br>*Defendants*. | Civil Action No. 25-03399<br><br>**OPINION AND ORDER**<br><br>June 26, 2025 |

**SEMPER**, District Judge.

This matter comes before the Court upon Plaintiff Nickyle Storm Garris-Williams' application to proceed in forma pauperis. (ECF 13.)

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Having reviewed Plaintiff's application, the Court finds leave to proceed in forma pauperis is warranted, and the application is **GRANTED**.

However, when assessing an application to proceed in forma pauperis, the Court must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c). Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's papers liberally and holds them to a less stringent standard than the standard applied to papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not credit a *pro se* party's "'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F.

Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

A district court has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is federal question jurisdiction pursuant to 28 U.S.C. § 1331. Diversity jurisdiction exists when there is a dispute between citizens of different states alleging an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Here, Plaintiff appears to be a citizen of Pennsylvania, while Defendant appears to be a citizen of New Jersey. (ECF 1, "Compl.") However, the required amount in controversy has not been met because Plaintiff has not alleged any damages in the Complaint. (*Id.*) Accordingly, there is no diversity jurisdiction in this case.

Federal question jurisdiction exists when a dispute "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Though Plaintiff does not expressly invoke 42 U.S.C. § 1983, she asserts that her parental rights under the Fourteenth Amendment have been violated. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (finding that a court may infer a 42 U.S.C. § 1983 claim even if not expressly invoked). It is clear from the Complaint that Plaintiff is asserting that her substantive due process rights were violated under 42 U.S.C. § 1983.

To prevail on a substantive due process claim related to a violation of her parental rights, Plaintiff must show that Defendants' behavior "shock[ed] the conscience." *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 241 (3d Cir. 2013). "Specifically, a child welfare agency abridges an individual's substantive due process rights when its actions 'exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed shocks the conscience.'" *Id.* (quoting *Miller v. City of Phila.*, 174 F.3d 368, 375 (3d. Cir. 1999). However, Plaintiff provides no factual information regarding any of the Defendant's behavior in the

2

Complaint. Plaintiff merely alleges that she has been "unjustly separated" from her children. (Compl. ¶ 6.) This Court need not credit this bald assertion. *See Grohs*, 984 F. Supp. 2d at 282 (quoting *Morse*, 132 F.3d at 906). Accordingly, this Court has no basis for exercising subject matter jurisdiction, and the Complaint is dismissed without prejudice.

**IT IS** on this 26th day of June 2025,

**ORDERED** that Plaintiff's application to proceed in forma pauperis (ECF 13) is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff's Emergency Motion (ECF 17) is **ADMINISTRATIVELY TERMINATED**; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:       Clerk
cc:         Jose R. Almonte, U.S.M.J.
            Parties